IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2021

**STATE OF TENNESSEE v. CHAD M. VARNELL**

**Appeal from the Criminal Court for Knox County**
**No. 107283   Steven Wayne Sword, Judge**

_____

**No. E2020-01352-CCA-R3-CD**
_____

The defendant, Chad M. Varnell, appeals the order of the trial court revoking his probation and ordering him to serve his original eight-year sentence in confinement. Upon our review of the record and the parties' briefs, we reverse the judgment of the trial court and remand for a new hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Robin Vargas, Blaine, Tennessee, for the appellant, Chad M. Varnell.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Charme Allen, District Attorney General; and Hector Sanchez, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On February 18, 2016, the defendant, Chad M. Varnell, pleaded guilty to robbery and received an eight-year sentence, suspended to supervised probation after serving one year in confinement. The terms of probation required, in part, the defendant to report any changes in residence to his probation officer, to not use or possess any illegal drugs, and to follow all instructions given by his probation officer.

On January 13, 2017, a violation warrant was issued, alleging the defendant was discharged from the Steps program due to non-compliance, failed to inform his probation officer of his new address, and failed to report to his probation officer on January 10-11, 2017. The warrant was amended on August 3, 2017 to include the defendant's recent arrest for felony escape. Following a hearing, the defendant was ordered to receive treatment at the Day Reporting Center beginning on October 6, 2017.

On March 5, 2018, the defendant tested positive for methamphetamine. Additionally, he stopped reporting to both his probation officer and the Day Reporting Center, and a violation warrant was issued on April 27, 2018. A revocation hearing was held, and the defendant was ordered to complete the EM Jellinek residential program and resume treatment at the Day Reporting Center. However, the defendant absconded from the Jellinek halfway house following a positive drug screen, and a violation warrant was issued on November 30, 2018. According to an amended violation warrant, the defendant had also been arrested in Sevier County on September 5, 2019, and charged with evading arrest, possession of a Schedule I controlled substance, and possession of drug paraphernalia. A revocation hearing was held on August 14, 2020.

At the revocation hearing, no evidence was presented. While defense counsel indicated the defendant was willing to stipulate to the probation violations if he received permission to apply to the Community Alternative to Prison Program ("CAPP"), the defendant did not testify, and no stipulation was actually entered because it was determined by the trial court and parties that the defendant did not qualify for CAPP. Defense counsel acknowledged the defendant was arrested in Sevier County but stated the defendant had "settle[d] those cases." At the conclusion of the hearing, the trial court revoked the defendant's probation and reinstated his original eight-year sentence in the Tennessee Department of Correction. On October 7, 2020, this Court granted the defendant's motion to late-file his notice of appeal.

*Analysis*

Initially, although not raised by the defendant, we find the trial court failed to conduct a full and proper hearing, and therefore, remand the matter for a new hearing. At the revocation hearing, the State failed to present any evidence that the defendant violated his probation, and the defendant did not personally plead guilty to any probation violations. The State had an opportunity to present proof of the grounds alleged in the probation violation warrant, but failed to do so. It appears from the transcript of the hearing that the parties had previously discussed the defendant stipulating to the violations in exchange for permission to apply to CAPP. However, because such a stipulation was not actually entered, the State was required to present sufficient proof supporting the alleged violations to "allow[] the trial court to make a conscientious and intelligent judgment." *Harkins*, 811

S.W.2d at 82 (citing *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). However, the hearing consisted of nothing more than a discussion among the attorneys and the trial court as to whether the defendant was eligible for CAPP and a general discussion concerning the bases of the violation warrant. Accordingly, the record before us does not support revocation of the defendant's probation, and we remand the case to the trial court for a new revocation hearing.

Because the issue on appeal relates to an evidentiary issue and what can or should be considered by the trial court during the hearing on remand, we will address the defendant's claim. On appeal, the defendant argues the trial court erred in ordering him to serve his original sentence in confinement. Specifically, the defendant argues the trial court failed to "seek an updated validated risk and needs assessment to assist the trial court in making its determination." The State contends the trial court properly exercised its discretion in revoking the defendant's probation and ordering him to serve his original sentence in confinement.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at \*2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

The defendant contends that after he provided information to the trial court regarding his issues with substance abuse, the trial court was required to obtain an updated risk and needs assessment to evaluate whether the defendant was eligible to participate in CAPP or another alternative to prison. Tennessee Code Annotated section 40-35-311(f) provides that "[t]he court *may* consider the results of an offender's validated risk and needs assessment in determining the appropriate disposition of the probation violation charge and *may* request an updated validated risk and needs assessment be performed" (emphasis added). "[T]he decision to consider the validated risk and needs assessment, as well as the decision to request an updated assessment, is discretionary." *State v. Charles E. Mason,*

*Jr.*, No. E2018-01310-CCA-R3-CD, 2019 WL 3992473, at *5 (Tenn. Crim. App. Aug. 23, 2019), *no perm. app. filed*. Additionally, at the revocation hearing, the defendant never requested the trial court to order an updated assessment or to rely on such an assessment. Accordingly, the trial court did not abuse its discretion in failing to order an updated risk and needs assessment.

## *Conclusion*

For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
J. ROSS DYER, JUDGE